IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HUNG VAN NGUYEN, ) | CIVIL NO. 10-00320 LEK-RLP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HAI VAN NGUYEN, in personam; ) | |
| and Fishing Vessel LADY LUCK, ) | |
| O.N. 905580, in rem, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR**
**PARTIAL SUMMARY JUDGMENT ON SEAMAN STATUS**

Before the Court is Plaintiff Hung Van Nguyen's ("Plaintiff") Motion for Partial Summary Judgment on Seaman Status ("Motion"), filed on May 5, 2011.[1] Defendants Hai Van Nguyen, *in personam* ("Defendant Nguyen") and Fishing Vessel Lady Luck, O.N. 905580, *in rem* ("the Vessel") (collectively, "Defendants") filed their memorandum in opposition and their Concise Statement of Facts on July 8, 2011. Plaintiff filed his reply on July 15, 2011. This matter came on for hearing on August 1, 2011. Appearing on behalf of Plaintiff were David Fairbanks, Esq., and Howard McPherson, Esq. Appearing on behalf of Defendants was Mark Hamilton, Esq. After careful consideration of the Motion, supporting and opposing memoranda,

---

[1] Plaintiff also filed his concise statement of facts in support of the Motion ("Plaintiff's CSOF") on May 5, 2011.

and the arguments of counsel, Plaintiff's Motion is HEREBY GRANTED because Plaintiff squarely meets the two-part test required for seaman status, and for the reasons set forth more fully below.

**BACKGROUND**

I. **Factual Background**

The Vessel is a fishing vessel, and Defendant Nguyen is its registered owner. Plaintiff was formerly employed as a crewmember aboard the Vessel. [Complaint at ¶¶ 3-4; Def. Hai Van Nguyen's Answer to Complaint Filed June 4, 2010, filed 7/8/11 (dkt. no. 17), at ¶¶ 3-4.] Defendant Nguyen employed Plaintiff to work aboard the Vessel on two trips in 2009: "[t]he first trip began approximately June 24, 2009 and the second ended approximately September 30, 2009." [Def. Hai Van Nguyen's Responses to Pltf.'s First Set of Discovery Requests Dated August 4, 2010 ("Def. Nguyen's Discovery Responses"), at 2-3.[2]] At an unspecified time during the course of this employment, "Plaintiff experienced injury/illness and was disabled from performing his duties aboard the vessel." [Complaint at ¶ 17.] Plaintiff claims, *inter alia*, that Defendant Nguyen "failed to provide Plaintiff with a safe place in and about which to work" and failed "to timely provide proper medicine and medical

---

[2] Defendant Nguyen's Discovery Responses are attached to Plaintiff's CSOF as Exhibit A to the Declaration of Counsel. [Dkt. no. 70-2.]

2

attention to Plaintiff when Defendant Hai Van Nguyen knew or should have known it was required." [Id. at ¶ 5.]

II. **Procedural Background**

On June 4, 2010, Plaintiff filed his verified Complaint, asserting jurisdiction under the Jones Act, 46 U.S.C. § 30104, and 28 U.S.C. § 1333. [Id. at ¶¶ 2, 10.] The Complaint alleges three claims: (1) Jones Act negligence; (2) unseaworthiness; and (3) maintenance, cure, and found. Plaintiff seeks: general, special, and punitive damages; maintenance, cure, and found; attorneys' fees and costs; interest; and any other just and proper relief.

Also on June 4, 2010, Plaintiff filed his Ex Parte Motion for Warrant of Maritime Arrest seeking the arrest of the Vessel. [Dkt. no. 4.] On the same day, the magistrate judge granted the motion on this Court's behalf. [Dkt. no. 5.] On June 7, 2010, the United States Marshal Service placed the Vessel under arrest and gave custody to the substitute custodian. [Def. Hai Van Nguyen's First Amended Counterclaim Against Pltf. Huang Van Nguyen ("First Amended Counterclaim"), filed 12/29/10 (dkt. no. 45), at ¶¶ 2-3.]

On June 10, 2010, Defendant Nguyen filed a $350,000.00 Release Bond. [Dkt. no. 11.] On the same day, this Court approved Defendant Nguyen's Motion for Release of Vessel and Order. [Dkt. no. 12.]

On June 28, 2010, the Vessel filed its answer, [dkt. no. 16,] and on July 8, 2010, Defendant Nguyen filed his answer and his original Counterclaim [dkt. no. 17]. Both answers admitted that Defendant Nguyen is the registered owner of the Vessel and that Plaintiff worked as a crewmember on the Vessel, and both answers denied the remainder of Plaintiff's allegations except for those related to jurisdiction. The Vessel and Defendant Nguyen each asserted several affirmative defenses. Defendant Nguyen filed his First Amended Counterclaim on December 29, 2010. [Dkt. no. 45.]

On July 25, 2011, the Court approved the parties' stipulation to dismiss the "Counterclaim" with prejudice. [Dkt. no. 86.] Although the document used the term "Counterclaim", the Court assumes that it referred to the First Amended Counterclaim.

**III. Motion**

In the instant Motion, Plaintiff seeks summary judgment on the issue whether he is entitled to "seaman" status under the Jones Act. Plaintiff contends that "[t]here is no reasonable basis to dispute [his] status as a seaman" because he "spent virtually 100% of his work time in such service." [Mem. in Supp. of Motion at 1.]

Plaintiff argues that:

> The modern test for seaman status is established in a trilogy of cases. McDermott Int'l, Inc. v. Wilander, 498 U.S. 337 (1991) (employee's duties must contribute to mission or

> function of a vessel or identifiable fleet of
> vessels); Chandris, Inc. v. Latsis, 515 U.S. 347
> (1995) (employee's connection to vessel or fleet
> must be substantial in duration and nature);
> Stewart v. Dutra Construction Company, 543 U.S.
> 481 (2005) (vessel includes every description of
> water-craft used or capable of being used as a
> means of transportation).

[Id. at 3.] Plaintiff argues that the Stewart prong is satisfied in the instant case because the Vessel is a fishing boat that operates in the open ocean. [Id.] Plaintiff argues that the Wilander prong is satisfied because "[i]t is undisputed Plaintiff worked aboard the vessel, and therefore contributed to its mission and function." [Id. (citations omitted).] Finally, Plaintiff argues that the Chandris prong is satisfied because, although, as a general rule, a worker must spend at least thirty percent of his time in the service of a vessel to qualify as a seaman, "Plaintiff spent virtually all of his work time in the service of *Lady Luck*, for a continuous period of approximately three months." [Id. at 3-4 (emphasis in original) (citation omitted).]

## IV. Memorandum in Opposition

Defendants contend that Plaintiff is not entitled to seaman status because, "[a]lthough Plaintiff alleges he spent virtually 100% of his work time in the service of the vessel, none of the facts cited by Plaintiff establishes what Plaintiff did in the service of the vessel, if anything, or how long he worked in the service of the vessel, if at all." [Mem. in Opp.

at 2.] Defendants contend that "Plaintiff has failed to prove the nature of the work he did aboard the vessel qualifies him for seaman status and/or that his work in the service of the vessel, if any, reaches the standard 30% he references as a guideline." [Id. at 2-3.]

Defendants contend that, while it is undisputed that Plaintiff worked aboard the Vessel, not every person who works aboard a vessel is a seaman. [Id. at 6 (some citations omitted) (citing Chandris, 515 U.S. at 349-72).] Defendants argue that Plaintiff has the burden of proving that he contributed to the function or mission of the Vessel and that the work done was of a nature and duration which qualifies him for seaman status. Defendants contend that Plaintiff's reliance on general statements about what members of the crew do on the Vessel does not satisfy this burden. [Id. at 6-7.]

Next, Defendants refute Plaintiff's assertion that "'it is undisputed that Plaintiff spent virtually all of his work time in the service of *Lady Luck*, for a continuous period of approximately three months.'" [Id. at 7 (emphasis in original) (quoting Mem. in Supp. of Motion at 4).] Defendants argue that Plaintiff's general descriptions of what fishermen did on the Vessel do not demonstrate that Plaintiff performed those functions. [Id.]

Finally, Defendants point to Defendant Nguyen's

6

deposition testimony that "Plaintiff did not know the vessel's procedures, 'talked back' to the Master, and did not follow orders." [Id. at 7 (citing Deposition of Hai Van Nguyen ("Def. Nguyen Depo."), taken 12/16/10, at 44, 48).[3]] Defendants contend that this evidence demonstrates that Plaintiff did not contribute to the function or mission of the Vessel. [Id. at 8.]

**V.    Reply**

In his reply, Plaintiff recharacterizes the seaman status analysis as a two-pronged test. [Reply at 3 (citations omitted).] First, Plaintiff argues that he satisfied the first part of the "seaman status" test – that a worker's duty contributed to the vessel's function or to the accomplishment of its mission. [Id.] He claims that the first prong may be satisfied where the claimant shows that he did "the ship's work." [Id. (emphasis, citations, and quotation marks omitted).] Plaintiff claims that this requirement is "very broad, encompassing all who work at sea in the service of a ship." [Id. (citations and quotation marks omitted).] Plaintiff argues that he satisfied this requirement because "Defendants have admitted he was 'employed as a crewmember[,]'" and Defendant Nguyen admitted in his deposition that Plaintiff fished while working on the Vessel. [Id. at 4 (citations omitted).] Plaintiff further

---

[3] Excerpts of the Defendant Nguyen Deposition are attached to Plaintiff's CSOF as Exhibit B to the Declaration of Counsel. [Dkt. no. 70-3.]

contends that, as a crewmember, he "by definition . . . worked in the service of the ship.'" [Id. (citation and internal quotation marks omitted).]

Plaintiff also argues that he satisfied the second prong of the "seaman status" test – that a seaman must have a connection to a vessel in navigation that is substantial in both duration and nature. [Id.] Plaintiff contends that "it is undisputed Plaintiff worked virtually all of his time at sea, for three consecutive months and – by Defendants' admission – he was employed aboard the Lady Luck as a crewmember." [Id. at 5.]

## STANDARDS

### I. Summary Judgment

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

> Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See Celotex [Corp. v. Catrett], 477 U.S. [317,] 323 [(1986)]. A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). "A fact is material if it

could affect the outcome of the suit under the governing substantive law." Miller [v. Glenn Miller Prods., Inc.], 454 F.3d [975,] 987 [(9th Cir. 2006)].

When the moving party fails to carry its initial burden of production, "the nonmoving party has no obligation to produce anything." In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything. Nissan Fire, 210 F.3d at 1102-03. On the other hand, when the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial." Miller, 454 F.3d at 987. This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted). The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific facts showing that there is a genuine issue for trial." Porter v. Cal. Dep't of Corr., 419 F.3d 885, 891 (9th Cir. 2005) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). "A genuine dispute arises if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." California v. Campbell, 319 F.3d 1161, 1166 (9th Cir. 2003); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000) ("There must be enough doubt for a 'reasonable trier of fact' to find for plaintiffs in order to defeat the summary judgment motion.").

On a summary judgment motion, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor." Miller, 454 F.3d at 988 (quotations and brackets omitted).

Rodriguez v. Gen. Dynamics Armament & Technical Prods., Inc., 696 F. Supp. 2d 1163, 1176 (D. Hawai`i 2010) (some citations omitted).

## II. Seaman Status under the Jones Act

The Jones Act provides a cause of action for any seaman "injured in the course of employment". 46 U.S.C. § 30104. Section 30104 provides, in pertinent part, that "[a] seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer."

"The determination of who is a seaman is a mixed question of fact and law." Scheuring v. Traylor Bros., Inc., 476 F.3d 781, 785 (9th Cir. 2007) (citing Chandris, Inc. v. Latsis, 515 U.S. 347, 369, 115 S. Ct. 2172, 132 L. Ed. 2d 314 (1995)). As the Ninth Circuit explained in Scheuring:

> In Chandris, the Court articulated a two-part test which drew on its holdings in earlier cases:
>> [T]he essential requirements for seaman status are twofold. First, as we emphasized in [McDermott Int'l, Inc. v.] Wilander, [498 U.S. 337 (1991),] "an employee's duties must 'contribut[e] to the function of the vessel or to the accomplishment of its mission.'" . . .
>> Second, . . . a seaman must have a connection to a vessel in navigation (or to an identifiable group of such vessels) that is substantial in terms of both duration and its nature.
> Chandris, 515 U.S. at 368, 115 S. Ct. 2172 (citations omitted). . . .
> As the Supreme Court explained in Chandris, the first part of the requirement is very broad, covering "'[a]ll who work at sea in the service of a ship.'" Id. (quoting Wilander, 498 U.S. at 354, 111 S. Ct. 807). The second requirement, on the other hand, narrows the pool of potential seaman

10

>     in order
> > to give full effect to the remedial scheme
> > created by Congress and to separate the
> > sea-based maritime employees who are entitled
> > to Jones Act protection from those land-based
> > workers who have only a transitory or
> > sporadic connection to a vessel in
> > navigation, and therefore whose employment
> > does not regularly expose them to the perils
> > of the sea.
>
> Id.  The Court explained that this test is
> "fundamentally status based."  Id. at 361, 115 S.
> Ct. 2172.  "Land-based maritime workers do not
> become seamen because they happen to be working on
> board a vessel when they are injured, and seamen
> do not lose Jones Act protection when the course
> of their service to a vessel takes them ashore."
> Id.  The Court also equated the question of who is
> a "seaman" to the determination of who is a
> "member of a crew."  Id. at 356, 115 S. Ct. 2172.
> Decided two years later, Harbor Tug & Barge Co. v.
> Papai, 520 U.S. 548, 117 S. Ct. 1535, 137 L. Ed.
> 2d 800 (1997) provides additional guidance on the
> substantial connection prong of the test
> articulated in Chandris.
> > For the substantial connection requirement to
> > serve its purpose, the inquiry into the
> > nature of the employee's connection to the
> > vessel must concentrate on whether the
> > employee's duties take him to sea.  This will
> > give substance to the inquiry both as to the
> > duration and nature of the employee's
> > connection to the vessel and be helpful in
> > distinguishing land-based from sea-based
> > employees.
>
> Papai, 520 U.S. at 555, 117 S. Ct. 1535.  The crux
> of the second prong of the "seaman" test involves
> distinguishing land-based from sea-based employees
> by examining the employee's activities and duties.

Id. at 785-86 (some alterations in original).

A "rule of thumb" for determining seaman status is that "[a] worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a

11

seaman under the Jones Act." Chandris, 515 U.S. at 371. The Supreme Court cautioned, however, that the thirty-percent rule of thumb "serves as no more than a guideline established by years of experience, and departure from it will certainly be justified in appropriate cases." Id.

## **DISCUSSION**

In determining whether Plaintiff is entitled to summary judgment with respect to seaman status, the Court starts by examining the first Chandris requirement – the "threshold" requirement that an employee's duties contributed to the vessel's function or the accomplishment of its mission. See Chandris, 515 U.S. at 368.

Defendant Nguyen acknowledged that Plaintiff worked hard on both fishing trips as one of the Vessel's four or five member crew. [Def. Nguyen Depo. at 43-45, 49.] Defendant Nguyen further acknowledged that Plaintiff was able to do all of the work assigned to him. [Id. at 44, 48.] Although Defendant Nguyen claimed that Plaintiff was "not used to [his] procedure[,]" and that Plaintiff did "not really try[] to learn a new way that [he] showed [Plaintiff,]" he observed that Plaintiff was "always working".[4] [Id. at 45, 48.]

According to Defendant Nguyen, "[t]he only time [his

---

[4] Defendant Nguyen's use of the words "procedure" and "way" appear to refer to fishing techniques. [Def. Nguyen Depo. at 44-45.]

12

crew] can sleep is when the work is done." [Id. at 52.] He testified that members of a long-line fishing crew know that they will have to work day and night, sleeping when they can. [Id. at 54.] He also testified that his crew worked twenty-four-hour shifts when necessary. [Id. at 52.] The Court finds no reason to construe Defendant Nguyen's general statements about his crew as inapplicable to Plaintiff when the crews in question consisted of only four or five members.

Although Defendant Nguyen may have been critical of Plaintiff's fishing techniques, such criticism does not preclude a finding that Plaintiff satisfied the first Chandris requirement. As previously noted, this requirement is "very broad", and "[a]ll who work at sea in the service of a ship are eligible for seaman status." Chandris, 515 U.S. at 368 (emphasis, citation, and quotation marks omitted). Thus, a crewmember on a fishing vessel need not be a good fisherman in order to satisfy the first Chandris requirement. Rather, the crewmember need only "contribute" to the vessel's function or mission. Based on Defendant Nguyen's testimony that Plaintiff was a hard-working crewmember who completed all the work assigned to him, the Court FINDS that Plaintiff has carried his summary judgment burden with respect to the first requirement.

The Court now turns to the second, more narrow, Chandris requirement - whether the plaintiff had a connection

with a vessel in navigation that was substantial in duration and nature.

First, the Court notes that the parties do not dispute that the Vessel was a vessel in navigation during the period in question. The parties also do not dispute that Plaintiff's connection to the Vessel was substantial in duration. Defendant Nguyen admitted that he employed Plaintiff as a crewmember to work aboard the Vessel on two trips, beginning approximately June 24, 2009 and ending approximately September 30, 2009." [Def. Nguyen's Discovery Responses at 2-3.] According to Defendant Nguyen, there was a break of approximately three days to one week between the two trips. [Def. Nguyen Depo. at 45.] As a result, Plaintiff worked as a crewmember at sea for approximately a three-month period.

This period is sufficient to satisfy the duration inquiry of the "substantial connection" analysis. A seaman does not lose his status merely because he has only worked as a seaman aboard a vessel for a short period of time. The United States Supreme Court has recognized that

> we can imagine situations in which someone who had worked for years in an employer's shoreside headquarters is then reassigned to a ship in a classic seaman's job that involves a regular and continuous, rather than intermittent, commitment of the worker's labor to the function of a vessel. Such a person should not be denied seaman status if injured shortly after the reassignment, just as someone actually transferred to a desk job in the company's office and injured in the hallway should

> not be entitled to claim seaman status on the
> basis of prior service at sea. If a maritime
> employee receives a new work assignment in which
> his essential duties are changed, he is entitled
> to have the assessment of the substantiality of
> his vessel-related work made on the basis of his
> activities in his new position.

Chandris, 515 U.S. at 372 (citation omitted). The Ninth Circuit has held that a five-month employment can support a finding of a connection that is substantial in duration. See Delange v. Dutra Constr., Co., 183 F.3d 916, 920 (9th Cir. 1999) (holding that the plaintiff raised a genuine issue of fact as to the second element of the test for seaman status where, during his five-month employment, he devoted only ten percent of his time to carpentry and spent more than eighty percent of his time onboard the barge, where the work involved crewman and deckhand duties).

In the instant case, the parties' dispute as to the second Chandris requirement centers around whether Plaintiff's connection to the Vessel was substantial in nature. Defendant Nguyen, however, admitted that Plaintiff worked hard and completed all of the work that was requested of him on both trips. [Def. Nguyen Depo. at 44-45, 48-49.] Thus, Plaintiff spent nearly one hundred percent of his employment at sea working "in service of a vessel in navigation[,]" far exceeding the thirty-percent "rule of thumb" for determining seaman status. See Chandris, 515 U.S. at 371. As a result, Plaintiff qualifies as a "sea-based maritime employee[]". See id. at 368. The Court

therefore FINDS that Plaintiff's connection to the Vessel was substantial in both duration and nature, and that Plaintiff carried his summary judgment burden with respect to the second requirement of the Chandris test.

Accordingly, the Court FINDS that Plaintiff is entitled summary judgment on the issue whether he is a seaman under the Jones Act.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion for Partial Summary Judgment on Seaman Status, filed on May 5, 2011, is HEREBY GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 24, 2011.



   /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**HUNG VAN NGUYEN V. HAI VAN NGUYEN, ET AL; CIVIL NO. 10-00320 LEK-RLP; ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON SEAMAN STATUS**